UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

        Plaintiff,

v.

Eddie Lee Pope,

        Defendant.

Case No. 3:20-cr-795

MEMORANDUM OPINION
AND ORDER

## I.    Background

On October 14, 2020, Defendant Eddie Lee Pope was driving southbound on U.S. 23 in Wyandot County, Ohio, when he was pulled over by a trooper with the Ohio State Highway Patrol. (Doc. No. 1-1 at 2). After a short conversation with the trooper, Pope ran, scaling a fence and hiding in a small wooded area, where he eventually was located and placed under arrest. (*Id.* at 2-3). A package containing over 400 grams of methamphetamine was found near the fence which Pope had climbed over. (*Id.* at 3).

Pope initially was charged with aggravated possession of drugs, in violation of Ohio Revised Code §2925.11(A). (Doc. No. 12-1). A few weeks later, he was charged by criminal complaint in this Court with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 1). Pope subsequently was indicted by a federal grand jury on one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Doc. No. 8).

Pope is proceeding *pro se* in this case, with the Officer of the Federal Public Defender appointed as stand-by counsel. (*See* non-document entry dated November 10, 2020). Pope has filed seven pre-trial motions[1]: (1) a motion to compel discovery, (Doc. No. 11); (2) a motion to dismiss for lack of subject matter jurisdiction, (Doc. No. 12); (3) a motion to dismiss for failure to state a claim, (Doc. No. 13); (4) a motion to dismiss or remand to state court, (Doc. No. 14); (5) a motion for trial by jury pursuant to the Sixth Amendment, (Doc. No. 15); (6) a motion for compulsory process of witnesses and evidence, (Doc. No. 16); and, (7) a motion for judicial notice and for certain jury instructions, (Doc. No. 17).

The government filed an omnibus response to Pope's motions, (Doc. No. 22), and Pope filed an omnibus reply. (Doc. No. 28). For the reasons stated below, I conclude Pope's motions lack merit and deny them all.

## II.  ANALYSIS

### A.  MOTIONS TO DISMISS

Pope has filed three motions in which he argues the charges against him should be dismissed. (Doc. Nos. 12, 13, and 14). He makes these motions under the Federal Rules of Civil Procedure, which he argues apply to this case for a variety of reasons, though the primary reason is his contention that the United States Constitution does not permit the federal government to prosecute crimes which do not involve ambassadors or other federal officers or offenses under admiralty and maritime law. (*See, e.g.,* Doc. No. 12 at 3-4; Doc. No. 13 at 3; Doc. No. 14 at 3; Doc. No. 28-4 at 2). Pope's arguments lack merit because the constitutional jurisdiction of federal courts to enforce federal criminal law is well-established and the Federal Rules of Criminal Procedure apply to these proceedings.

---

[1] Pope also has filed a motion to suppress evidence obtained following the October 14, 2020 traffic stop. (Doc. No. 29). That motion is set for a hearing and is not a subject of this Memorandum Opinion and Order.

Pope argues the Federal Rules of Criminal Procedure "pertain to administrative Supplementary (Secondary) and Special proceedings, and [are] subservient to the Civil Rule[s]." (Doc. No. 28-4 at 2). He asserts the Federal Criminal Rules "are governed by Civil Rule 9(h), 14(c), 38(e) and 82, for Supplementary or Special proceedings," and that the Civil Rules apply in the event of any conflict between the Criminal and Civil Rules. (*Id.*). Further, he argues he is not subject to federal court jurisdiction because he is not an ambassador, consul, or other public minister. (*Id.* at 10).

To be sure, Section 2 refers to cases involving "Ambassadors, other public Ministers and Consuls," and to cases involving admiralty and maritime jurisdiction. U.S. Const. art. III, § 2, cl. 1. Pope's attempt to use those references to claim this Court lacks jurisdiction over him, however, is entirely unpersuasive. Read in context, those references plainly are part of a list. That list specifically includes "all Cases, in Law and Equity, arising under this Constitution, [and] the Laws of the United States." *Id.*

In *Tennessee v. Davis* – a case upon which Pope relies, (Doc. No. 28-4 at 8) – the Supreme Court reiterated that point: "Federal judicial power extends to all cases in law or equity arising under the Constitution [and] the laws of the United States." 100 U.S. 257, 283 (1879). The Supreme Court found uncontroversial the assertion that "[t]he United States is a government with authority extending over the whole territory of the Union, acting upon the States and upon the people of the States . . . [and that no] State government can exclude it from the exercise of any authority conferred upon it by the Constitution . . . ." *Id.* at 263.

Congress has unequivocally provided federal district courts with the authority to hear and decide cases involving the alleged violation of federal criminal laws: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Pope's contention that this case actually is

a civil case involving damages and matters of state law, rather than a criminal case in which he faces incarceration for alleged violations of federal law, finds no support in caselaw, statute, or the Constitution.²

Thus, the Federal Rules of Criminal Procedure are the rules which properly apply to this federal criminal case. Therefore, Pope's motions to dismiss based upon Federal Rules of Civil Procedure: (i) 12(b)(1) (for lack of subject matter jurisdiction); (ii) 12(b)(6) (for failure to state a claim upon which relief may be granted); and (iii) 48(b)(3) (for failure to exhaust state-court remedies), lack merit and are denied. (Doc. Nos. 12, 13, and 14).

Further, to the extent Pope's briefs could be read to challenge the sufficiency of the indictment under the Federal Rules of Criminal Procedure, those arguments also fall short. A criminal indictment must "include 'a plain, concise, and definite written statement of the essential facts constituting the offense charged' . . . [and is] sufficient if it 'fully, directly, and expressly . . . set[s] forth all the elements necessary to constitute the offense intended to be punished.'" *United States v. Howard*, 947 F.3d 936, 943 (6th Cir. 2020) (quoting Fed. R. Crim. P. 7(c)(1) and *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (further citation omitted) (second ellipsis and alteration in original)).

Section 841 makes it "unlawful for any person knowingly or intentionally . . . [to] possess with intent to . . . distribute . . .a controlled substance," including "50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers . . . ." 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). The grand jury charged Pope with "knowingly and intentionally possess[ing] with the

---

² Pope's repeated reliance on Federal Civil Rule 82 has no impact on this conclusion, as that Rule does not say what Pope claims it does. (*See, e.g.,* Doc. No. 28-4 at 4 ("Civil Rule 82 indicates that a 'proceeding' in district court jurisdiction will be deemed an admiralty or maritime matter whether or not it was designated as such . . . .")). Instead, that Rule states: "These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts. An admiralty or maritime claim under Rule 9(h) is governed by 28 U.S.C. § 1390." Fed. R. Civ. P. 82.

intent to distribute approximately 446.8 grams of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)," on October 14, 2020. (Doc. No. 8 at 1).

By specifying "an appropriate title and section of the criminal code that [the defendant is] alleged to have violated, and contain[ing] the basic facts constituting the offense," Pope received "proper notice of the charges against him as required by Rule 7(c)(1)." *United States v. Cope*, 87 F. App'x 451, 456 (6th Cir. 2003); *see also Russell v. United States*, 369 U.S. 749, 765 (1962) ("Undoubtedly, the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." (citation omitted)). Therefore, I conclude the indictment provides adequate notice of the charges and deny Pope's motions to dismiss on that basis.

  **B.**  **EVIDENTIARY MOTIONS**

Pope has filed two motions seeking discovery under the Federal Rules of Civil Procedure. (Doc. Nos. 11 and 16). As I stated above, these proceedings are governed by the Federal Rules of Criminal Procedure, and I deny Pope's motions to the extent they seek relief only under the Civil Rules.

Pope's first motion seeks information used to obtain the arrest warrant, minutes from the grand jury proceedings and the "reasons to the Court to maintain detention pending trial." (Doc. No. 11 at 2-3). As the government notes, the arrest warrant issued in this case was based upon a criminal complaint and supporting affidavit. Those documents are filed on the docket. (Doc. Nos. 1 and 1-1). I deny Pope's motion for discovery of this information as moot.

Next, Pope fails to identify a reason why he seeks the grand jury records, much less a "particularized need" for the pretrial disclosure of grand jury testimony and transcripts. *See United*

*States v. Short*, 671 F.2d 178, 186 (6th Cir. 1982) (citing *Douglas Oil Co. v. Petrol Stops NW*, 441 U.S. 211 (1978)). I deny this portion of Pope's motion without prejudice, as it is possible he may properly renew his request at a later time.

Lastly, I deny his motion for the production of information concerning his continued detention. He has received copies of the transcripts from the prior hearings during which it was ordered that he be detained, (Doc. No. 25 and 27), and he has not identified any other relevant information concerning his continued detention.

Pope's second motion seeks (a) an order compelling certain witnesses to testify on his behalf, including an American historian, an expert or professor in constitutional law, and a representative from the National Association for the Advancement of Colored People ("NAACP"); (b) a chalkboard for visual aids during trial; (c) transcripts from a pre-trial hearing and a preliminary examination in state court; and (d) "all Bills to the entitled case entered into evidence." (Doc. No. 16 at 2-4).

I deny Pope's motion for an order requiring testimony from the suggested witnesses. Pope fails to make any showing as to how the desired testimony of these unknown witnesses would be relevant to the dispositive question of whether he possessed methamphetamine with the intent to distribute it in violation of federal law.

I also deny Pope's request for "a chalk board in the courtroom for a visual demonstration of the case from state court to federal jurisdiction." (Doc. No. 16 at 4). As I discuss in more detail below, Pope's assertions that these criminal proceedings were "removed" from state court to federal court, and that therefore state law applies, have no legal basis.

Further, I deny as moot his request for a transcript form the December 14, 2020 pretrial conference, as he already has received that transcript. (*See* Doc. No. 23). I also deny his request for an order requiring the production of a transcript from the state court case opened against him

following his October 14, 2020 arrest. Pope does not explain why he has not or could not request this transcript from the state court on his own, or what relevance that transcript might have to these proceedings.

Finally, Pope requests "all bills . . . entered into evidence." (Doc. No. 16 at 4). The government interprets this request as a motion for discovery and represents it "will fully comply with the applicable discovery requirements including those described in Fed. R. Crim. P. 16 and *Brady v. Maryland*, 373 U.S. 83 (1963)." (Doc. No. 18 at 1). Based upon the government's representations, I deny this portion of Pope's motion without prejudice.

### C. MOTIONS FOR A JURY TRIAL AND FOR CERTAIN JURY INSTRUCTIONS

Pope also has filed two motions which seek to define the scope of an eventual trial. (Doc. Nos. 15 and 17). First, Pope seeks to be tried pursuant to Ohio law, arguing state law applies to "removal actions" pursuant to Federal Rule of Civil Procedure 81 and, therefore, that he should be tried in the Court of Common Pleas for Wyandot County, Ohio, where the conduct underlying his charges occurred. (Doc. No. 15 at 3).

Second, he requests a variety of jury instructions which would inform the jury that (a) the Federal Rules of Civil Procedure and Ohio's criminal statutes apply to his case; and (b) he has not waived his objections to federal jurisdiction, because he is not a federal officer and is not subject to admiralty and maritime jurisdiction.[3] (Doc. No. 17 at 2-3).

I already have concluded above that these arguments lack merit. I deny Pope's motions on that basis.

---

[3] In his reply brief, Pope also asserts a jury should be given instructions regarding the common law standard for pleadings, the difference between a case at law and a suit in equity, and whether the indictment was properly filed in law or in equity. (Doc. No. 28-4 at 21). These new arguments come too late, as a party cannot raise new issues in a reply brief. *See, e.g., United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002). Moreover, these arguments lack merit for the reasons stated throughout this Opinion.

Pope does identify one relevant point of substantive law in his reply brief. There, he argues the jury should be instructed that the government has the burden of proving, beyond a reasonable doubt, that he intended to distribute the methamphetamine. (Doc. No. 28-4 at 21-22). This argument is premature, given the fact that this case remains in its early stages. Therefore, I deny Pope's motion on this point without prejudice.

### III. CONCLUSION

For the reasons set forth above, I deny Defendant's motions. (Doc. Nos. 11, 12, 13, 14, 15, 16, and 17).

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge