UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                          Case No. 3:20-cr-795

           Plaintiff,

v.                                                    MEMORANDUM OPINION
                                                             AND ORDER

Eddie Lee Pope,

           Defendant.

## I. BACKGROUND

On October 14, 2020, Defendant Eddie Lee Pope was driving southbound on U.S. 23 in Wyandot County, Ohio, when he was pulled over by a trooper with the Ohio State Highway Patrol. (Doc. No. 1-1 at 2). Pope fled the traffic stop on foot, scaling a fence and hiding in a small, wooded area, where he eventually was located and placed under arrest. (*Id.* at 2-3). A package containing over 400 grams of methamphetamine was found near the fence which Pope had climbed over. (*Id.* at 3).

Pope initially was charged with aggravated possession of drugs, in violation of Ohio Revised Code §2925.11(A). (Doc. No. 12-1). Pope subsequently was indicted by a federal grand jury on one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Doc. No. 8).

Pope is proceeding *pro se* in this case, with the Officer of the Federal Public Defender appointed as stand-by counsel. (*See* non-document entry dated November 10, 2020). I previously

denied eleven pre-trial motions Pope filed, including four motions to dismiss and a motion to suppress. (*See* Doc. Nos. 30 and 41). I set a February 1, 2022 deadline for any further pre-trial motions and Pope filed an additional eight motions: (1) a motion to take judicial notice, (Doc. No. 45); (2) a motion to dismiss for compulsory process to obtain evidence and witnesses for trial, (Doc. No. 46); (3) a motion for pre-trial release, (Doc. No. 47); (4) two motions to modify the standard jury instructions, (Doc. Nos. 48 and 49); (5) a motion to dismiss the 21 U.S.C. § 851 enhancement, (Doc. No. 50); (6) a motion to quash 21 C.F.R. § 1308.12(d)(2) as being procedurally deficient to establish prosecution under 21 U.S.C. § 841(a)(1), (Doc. No. 51); and, (7) a motion for certain jury instructions regarding affirmative defenses, (Doc. No. 52).

The government filed an omnibus response to Pope's motions, (Doc. No. 53), and Pope filed an omnibus reply. (Doc. No. 54). For the reasons stated below, I conclude Pope's motions lack merit and deny them, as well as his requests for a hearing.

## II.   ANALYSIS

### A.   MOTION TO TAKE JUDICIAL NOTICE

Pope asserts I should take judicial notice, and instruct the jury, that "[t]he law requires the alleged criminal activity to occur within the special maritime and territorial jurisdiction of the United States." (Doc. No. 45 at 1-2); (*see also* Doc. No. 54 at 2-6). This argument is frivolous, and I already have rejected it twice. (*See* Doc. No. 30 at 2-4; Doc. No. 41 at 7). I deny Pope's motion to take judicial notice. (Doc. No. 45).

Within the section of his reply brief related to this motion, Pope contends I am obligated to give the jury "'an instruction on the defendant's theory of the case . . . .'" (Doc. No. 54 at 5 (quoting *United States v. Blood*, 435 F.3d 612, 623 (6th Cir. 2006)). As the remainder of Pope's quotation makes clear, this is true only if "'the theory has some support in the evidence and the law.'" *Blood*, 435 F.3d at 623 (quoting *United States v. Morgan*, 216 F.3d 557, 566 (6th Cir. 2000)). As I have

2

repeatedly stated, Pope's theory has no basis in law. I will not instruct the jury on it and Pope will not be permitted to mention it at any point during the trial. Any such references will be immediately stricken from the record and I will expressly instruct the jury to disregard those references or comments.

### B. PETITION FOR COMPULSORY PROCESS

Pope next seeks an order permitting him to (a) offer certain laws and constitutional provisions into evidence, (b) present as exhibits certain communications from his stand-by counsel, (c) call his stand-by counsel as a witness, (d) call an expert witness, (e) present the seized methamphetamine to the jury for inspection, and (f) present evidence regarding the October 14, 2020 traffic stop. (Doc. No. 46).

I will not permit Pope to offer copies of statutory or constitutional provisions as evidence. Questions of law are for the trial judge to decide, not the jury. *See, e.g., United States v. Gaudin*, 515 U.S. 506, 513 (1995) ("[T]he judge must be permitted to instruct the jury on the law and to insist that the jury follow his instructions.") (citation omitted). I will instruct the jury on the elements of the offense with which Pope is charged. The other provisions he seeks to offer, (Doc. No. 46 at 2-3), are not relevant to the jury's consideration at trial.

Nor will I permit Pope to argue to the jury that his due process rights were violated by the procedures through which methamphetamine was listed as a controlled substance. (Doc. No. 46 at 3). I already have rejected Pope's legal argument as meritless. (Doc. No. 41 at 6-7).

I also will not permit Pope to offer communications from his stand-by counsel or to call her as a witness. As for Pope's request for an expert witness to "conduct an independent qualitative and quantitative analysis on the substance found in this case," (Doc. No. 46 at 3), I already granted his motion for an expert. (*See* non-document entry dated October 28, 2021).

3

Next, I deny Pope's motion to present evidence challenging the legality of the October 14, 2020 traffic stop and to offer evidence and argument in support of his new – and entirely unsubstantiated – theory that Ohio Highway Patrolman Ryan Noblet assaulted him during the traffic stop, causing Pope to flee. (Doc. No. 46 at 4-5). I already have concluded Pope failed to carry his burden of establishing a Fourth Amendment violation with respect to the traffic stop, (Doc. No. 41 at 3-6), and Pope will not be permitted to relitigate this issue in front of the jury.

Finally, I deny without prejudice Pope's request that the recovered methamphetamine be presented to the jury for "inspection and inquiry." (Doc. No. 46 at 4). Leaving aside the fact that Pope's belief "that such drugs [do] not exist or [were] not found under the circumstances," (*id.*), runs counter to his request for an expert witness to analyze the drugs seized on October 14, Pope has not established it is necessary for the government to present the physical drugs, rather than other evidence of their existence and content, as evidence. If appropriate, Pope may renew his motion prior to trial.

### C.  MOTION FOR PRETRIAL RELEASE

Pope moves for a writ of habeas corpus and an order directing his release from detention. (Doc. No. 47). This motion is based upon his meritless jurisdictional, constitutional, and legal arguments which I have repeatedly rejected. (*See* Doc. No. 30 at 2-4; Doc. No. 41 at 7). I do so again now.

### D.  MOTIONS FOR CERTAIN JURY INSTRUCTIONS

Pope moves to modify the standard jury instructions to include instructions about his alleged affirmative defenses and a possible lesser included offense and to alter the instructions defining the crime of possession with intent to distribute a controlled substance. (Doc. Nos. 48 and 49).

A defendant may be entitled to a lesser included offense instruction where "(1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the

4

greater offense; (3) the evidence would support a conviction on the lesser offense; and (4) the proof on the element or elements differentiating the two crimes is sufficiently disputed so that a jury could consistently acquit on the greater offense and convict on the lesser." *United States v. Monger*, 185 F.3d 574, 576 (6th Cir. 1999).

Pope seeks an instruction for the lesser included offense of simple possession of a controlled substance. (Doc. No. 48 at 9-10). The government argues Pope is not entitled to a lesser included offense instruction because no rational jury could conclude Pope possessed over 400 grams of methamphetamine for personal use. (Doc. No. 53 at 5). I deny without prejudice Pope's motion for a lesser included offense instruction, subject to the evidence to be introduced at trial. *See, e.g., Beck v. Alabama*, 447 U.S. 625, 635 (1980) ("In the federal courts, it has long been 'beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.'") (quoting *Keeble v. United States*, 412 U.S 205, 208 (1973)).

Pope also contends that, if I give a lesser included offense instruction, I must instruct the jury that a conviction on the lesser included offense actually is an acquittal because he was not indicted on the lesser included offense. (Doc. No. 49). Pope offers no legal basis to support this motion, and I deny it.

Further, I deny Pope's motion as it relates to his remaining proposed instructions, as those instructions do not contain accurate statements of the law. (Doc. No. 48).

Finally, I deny Pope's motion to instruct the jury on his purported affirmative defenses. (Doc. No. 52). Pope contends I should instruct the jury that: (1) it is a defense to the charge of possession with intent to distribute a controlled substance that Noblet "purposely" caused Pope to commit a traffic violation, leading to his arrest; (2) this proceeding is a "sham prosecution" which

5

violates Pope's due process rights; (3) the jury must find Pope not guilty if it concludes Pope did not know his conduct violated the law. (*Id.* at 1-3). None of these assertions have merit.

Pope's sham prosecution argument is difficult to understand. He appears to claim his due process rights were violated because he was charged in state court before being charged in federal court. (*Id.* at 2-3). The term "sham prosecution" refers to a circumstance where, after a defendant has been acquitted of a charge following a trial in either state or federal court, the other governmental entity permits the first to "pull[] the strings" of a second prosecution, such that the second case is no more than a cover for a second, prohibited prosecution by the first governmental entity. *United States v. Mardis*, 600 F.3d 693, 697 (6th Cir. 2010) (citing cases).

But "state and federal authorities, as independent sovereigns, generally may independently prosecute the same person for similar conduct without offending the double-jeopardy bar." *United States v. Djoumessi*, 538 F.3d 547, 550 (6th Cir. 2008). And jeopardy does not attach until "the jury is empaneled and sworn." *Martinez v. Illinois*, 572 U.S. 833, 839 (2014) (citation and internal quotation marks omitted). Pope's state-court case never proceeded to trial and, therefore, there are no circumstances under which the federal prosecution in this case could fit within the sham prosecution theory.

I already have rejected Pope's Fourth Amendment arguments arising from the traffic stop. And "the general rule that ignorance of the law is no excuse" is well established. *United States v. Int'l Mins. & Chem. Corp.*, 402 U.S. 558, 563 (1971); *see also McFadden v. United States*, 576 U.S. 186, 192 (2015). This is particularly true when Pope's purported ignorance of the law stems from his meritless arguments about subject matter jurisdiction and Congress' authority to pass federal criminal laws. Therefore, I deny Pope's motion for the issuance of jury instructions based upon his purported affirmative defenses. (Doc. No. 52).

E.   **MOTION TO DISMISS 21 U.S.C. § 851 ENHANCEMENT**

Pope moves to dismiss the enhanced penalty provision. First, he claims this provision exceeds Congress' enumerated powers. (Doc. No. 50 at 1-2; Doc. No. 50-1 at 2-4). I already have rejected Pope's challenges to Congress' authority to legislate in the realm of federal criminal offenses, (Doc. No. 41 at 3-4), and deny his motion on that basis.

Second, Pope asserts the due process clause of the Fifth Amendment and the Sixth Amendment right to a jury trial require that the facts establishing the enhanced penalty provision must be submitted to a jury and proven beyond a reasonable doubt. (Doc. No. 50-1 at 1-2). The Supreme Court has expressly excepted the fact of a prior conviction as a sentencing factor from the general rule that a jury must find beyond a reasonable doubt any facts increasing the prescribed range of penalties to which the defendant may be exposed. *Alleyne v. United States*, 570 U.S. 99, 111 n.1 (2013) (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)). Moreover, Pope's claim that these decisions do not apply to him because he was not arrested in a federal territory, (Doc. No. 54 at 13-14), lacks merit.

F.   **MOTION TO QUASH 21 C.F.R. § 1308.12(d)(2)**

Finally, Pope moves to quash § 1308.12(d)(2) because it is "substantially and procedurally deficient." (Doc. No. 51 at 1). This motion in effect is another motion to dismiss on due process grounds. I repeatedly have rejected this argument as meritless, (*see* Doc. No. 30 at 4-5; Doc. No. 41 at 6-7), and do so again. Pope's motion is denied.

### III.   CONCLUSION

For the reasons set forth above, I deny Defendant's motions. (Doc. Nos. 45 through 52). So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
