UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                        Case No. 3:20-cr-795

                    Plaintiff,

       v.                                                        MEMORANDUM OPINION
                                                                    AND ORDER

Eddie Lee Pope,

                    Defendant.

## I.    INTRODUCTION AND BACKGROUND

Defendant Eddie Lee Pope is proceeding *pro se* in this case, with the Office of the Federal

Public Defender appointed as stand-by counsel.  (*See* non-document entry dated November 10,

2020).  Pope has been charged with one count of possession with intent to distribute

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), a charge arising from an

October 14, 2020 traffic stop on U.S. 23 in Wyandot County, Ohio.  (Doc. No. 8).  The trial in this

case is set to begin on June 26, 2023.

Pope has filed a motion to compel the production of proposed testimony by any expert

witness the government may present at trial, (Doc. No. 57), as well as a motion to compel the

disclosure of any Rule 404(b) evidence the government may present at trial.  (Doc. No. 58).  The

government has filed its disclosure regarding both topics of information.  (Doc. No. 68).  Therefore,

I deny these motions as moot.

Pope also filed a motion to dismiss the indictment, alleging his Speedy Trial rights have been violated.  (Doc. No. 56).  The government filed a brief in opposition to the motion, (Doc. No. 64), and Pope has filed a brief in reply.  (Doc. No. 67).  For the reasons stated below, I grant Pope's motion.

## II.    ANALYSIS

The Speedy Trial Act requires that "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  Section 3161 excludes certain days from the 70-day total, including, in pertinent part:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
>> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--
>>
>>> . . .
>>>
>>> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>>>
>>> . . .
>>>
>>> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.
>>>
>>> . . .
>>
>> (7)
>>
>>> (A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  No such period of

delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)

Pope points to four periods of time which he claims were improperly excluded from the speedy trial clock – December 3, 2020 through January 13, 2021; September 29, 2021 through January 27, 2022; July 7, 2022 through September 8, 2022; and September 9, 2022 through June 26, 2023.  (Doc. No. 56 at 3).

Pope was indicted on December 2, 2020, and his arraignment occurred on December 9, 2020.  I agree that six non-excluded days past between his indictment and his arraignment.  At his arraignment, United States Magistrate Judge Ross A. Walters issued an ends-of-justice exclusion until December 14, 2020, which was my first pretrial conference on this case as the trial judge.  (*See* non-document entry dated December 9, 2020).  At that conference, I excluded time until January 20, 2021 "to enable the defendant time to prepare and file pretrial motions."  (*See* non-document entry dated December 14, 2020).  Pope filed seven pretrial motions on January 14, 2021, three of which

were motions to dismiss the charge against him.  (Doc. Nos. 12, 13, and 14).  Both I and Judge

Walters concluded on the record that the ends of justice, including permitting Pope to prepare and

file motions seeking a quick dismissal of his case, outweighed the best interest of the public and the

defendant in a speedy trial.  While Pope may have objected to the exclusion of time, (*see* Doc. No. 56

at 2), his objection does not make those exclusions improper.  Therefore, I conclude the time

between December 9, 2020 and January 13, 2021 was properly excluded under § 3161(h)(7).

Next, Pope objects to the exclusion of time between September 29, 2021 through January

27, 2022.  On September 28, 2021, I denied several additional pretrial motions Pope had filed,

including a motion to suppress and a motion to dismiss.  (Doc. No. 41).  I then entered an ends-of-

justice exclusion until the next pretrial conference, set for October 27, 2021, to "allow the defendant

time to receive and review the Court's recent decision and decide as to next steps in the case."  (*See*

non-document order dated September 29, 2021).  Pope has offered only his general objection to this

exclusion and has not offered any specific reason why it was improper.

Then, on October 20, 2021, Pope filed a motion for pre-trial release.  (Doc. No. 42).  I

granted Pope's request for a detention hearing and heard testimony from his proposed third-party

custodian.  (*See* non-document entries dated October 28, 2021 and November 8, 2021).  I denied his

motion for bond on November 19, 2021.  (*See* non-document order dated November 19, 2021).

While he includes this time period within his objections in his motion, he also acknowledges that the

period from the filing of a pretrial motion through its resolution is automatically excluded under §

3161(h)(1)(D).  (Doc. No. 56 at 6).

Pope expressed his desire to file additional pretrial motions and I made an ends-of-justice

finding excluding time from November 20, 2021 until February 1, 2022 "to permit the defendant

time to file [his] pretrial motions."  (*See* non-document entry dated November 19, 2021).  Again,

while he makes a general objection to this exclusion, he has not offered any specific reason why it was improper.

The third period of time to which Pope objects is from July 7, 2022 through September 8, 2022.  I entered ends-of-justice exclusions for this period to allow for review of my denial of seven other pretrial motions Pope filed, (*see* Doc. No. 55), and then due to the unavailability of stand-by defense counsel and Pope's placement in Covid-19 protocols in the detention facility. (*See* non-document entries dated July 7, 2022; July 20, 2022; and August 31, 2022).  Pope's general objection to these exclusions is not sufficient to demonstrate the exclusions were improper.

Finally, Pope takes issue with my exclusion of time from the September 8, 2022 pretrial conference until the previously-scheduled June 20, 2023 trial date.  Following that pretrial conference, I excluded time until the trial date "to provide the defendant ample time to prepare for trial as pro se and due to the Covid pandemic and post-pandemic docket backlog."  Pope argues this exclusion was improper because § 3161(h)(7)(C) prohibits any continuances "because of general congestion of the court's calendar."  (Doc. No. 56 at 7).

While Pope accurately cites to the statute, this subsection was not the basis for the exclusion. The James M. Ashley and Thomas W. L. Ashley U.S. Courthouse has only one courtroom which is suitably sized to hold a jury trial under the then-effective Covid-19 protocols.  Though I would have preferred to set an earlier trial date, I and the other two United States District Judges who use that courtroom had other trials already scheduled in criminal cases which predated this case.  The Sixth Circuit previously has affirmed ends-of-justice continuances like this one where the record reflects "the district court was managing cases in light of the COVID-19 pandemic." *United States v. Roush*, No. 21-3820, 2021 WL 6689969, at *2 (6th Cir. Dec. 7, 2021), *cert. denied,* 212 L. Ed. 2d 50, 142 S. Ct. 1187 (2022).

Moreover, I specifically excluded time in order to give Pope "ample time" to prepare for trial, as contemplated by § 3161.  18 U.S.C. § 3161(h)(7)(B)(iv) (requiring a judge to consider whether a continuance is necessary to permit defense counsel "the reasonable time necessary for effective preparation").  Given his status as a pretrial detainee representing himself, it is inevitable that Pope will face greater challenges in preparing for trial than he would if he were represented by counsel.  Therefore, I conclude Pope fails to show this exclusion was improperly entered.

While I conclude the four periods of time Pope challenges contain only 6 nonexcludable days, I also conclude there are more than 70 nonexcludable days due to the length of time which passed between the completion of briefing on the seven motions in Pope's third round of pretrial motions, on March 2, 2022, and the issuance of my Memorandum Opinion and Order on July 5, 2022.  More than 70 days passed between the end of § 3161(h)(1)(H)'s 30-day exclusion and the issuance of my decision.  Though Pope's 7 *pro se* motions broached a wide variety of topics and unusual arguments which required additional time and effort to work through, I did not enter a contemporaneous extension of the continuance and I conclude that binding Sixth Circuit caselaw does not permit me to enter such a continuance now.  *See, e.g., United States v. Moran*, 998 F.2d 1368, 1371-72 (6th Cir. 1993).  Regrettably, I conclude I must dismiss the charge against Pope pursuant to the Speedy Trial Act.

Pope also asserts the delays in this case have violated his Sixth Amendment speedy trial claim.  But I conclude the four factors identified by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), do not support a finding that Pope's Sixth Amendment speedy trial right has been violated.  *See id.* at 530 (instructing courts to balance "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant").

Even if I assume, for the sake of argument, that the delay in this case was "uncommonly long," *Doggett v. United States*, 505 U.S. 647, 651 (1992), the other factors do not tip the scales in

Pope's favor.  There has been no showing that any of the delays in this case were the result of the government's attempt to "secure a tactical advantage." *United States v. White*, 985 F.2d 271, 275 (1993) (citation omitted).  The third factor, at most, is neutral.  It is true Pope began objecting to speedy trial exclusions during his arraignment.  (Doc. No. 26 at 23).  But Pope also made an oral motion during the October 27, 2021 pretrial conference seeking an expert to analyze the drugs found during the traffic stop and agreed to waive time under the Speedy Trial Act while his standby counsel sought to locate someone to perform the testing, before abandoning his request on October 13, 2022.  (*See* non-document entry dated October 28, 2021).  (*See also* Doc. Nos. 59 and 60).  Thus, he has not consistently objected to the progress of these proceedings on speedy trial grounds. Finally, Pope has not shown that his ability to present a defense has been impaired and, thus, he has not shown he has been prejudiced by the delay.  *See Barker*, 407 U.S. at 532.

Section 3162 assigns to a district judge the discretion to determine whether a defendant's charges should be dismissed with or without prejudice.  18 U.S.C. § 3162(a)(2) ("In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.").

While Pope requests that this case be dismissed with prejudice, (Doc. No. 67-3 at 2), the circumstances do not indicate such a dismissal is appropriate.  The charged offense is a serious one, the passage of the non-excludable days is not chargeable to the government, and Pope does not show he has suffered actual prejudice as a result of the delay.  Therefore, I conclude dismissal without prejudice is appropriate in this case.

## IV.    CONCLUSION

I conclude more than 70 nonexcludable days have passed since Pope's indictment.

Therefore, and for the reasons set forth above, I grant his motion.  (Doc. No. 56).  Pope's motions

to compel, (Doc. Nos. 57 and 58), are denied as moot.  This case is dismissed without prejudice.

So Ordered.


s/ Jeffrey J. Helmick
United States District Judge