UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,             Case No. 3:20-cr-795

    Plaintiff,

v.             MEMORANDUM OPINION
            AND ORDER

Eddie Lee Pope,

    Defendant.

## I. INTRODUCTION AND BACKGROUND

Defendant Eddie Lee Pope is proceeding *pro se* in this case, with the Office of the Federal Public Defender appointed as stand-by counsel. (*See* non-document entry dated November 10, 2020). Pope has been charged with one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), a charge arising from an October 14, 2020 traffic stop on U.S. 23 in Wyandot County, Ohio. (Doc. No. 8). Pope filed a motion to dismiss the indictment, alleging his Speedy Trial rights have been violated. (Doc. No. 56). I concluded more than 70 nonexcludable days had passed since Pope's indictment and dismissed the indictment against him without prejudice. (Doc. No. 71).

Pope has filed a motion for reconsideration, arguing the charge should have been dismissed with prejudice. (Doc. No. 72). For the reasons stated below, I deny the motion.

## II. DISCUSSION

While the Federal Rules of Criminal Procedure do not contemplate motions for reconsideration, courts "adjudicating such motions in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment" filed pursuant to Federal Rule of Civil Procedure 59(e). *United States v. Stamper*, No. 1:15CR109, 2018 WL 1241575, at *6 (S.D. Ohio Mar. 9, 2018) (citations omitted). "Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). These motions are not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor are they a substitute for appeal. *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991).

Pope contends the "indictment should have been dismissed with prejudice because:

I. The Speedy Trial Act violation was caused by the district court's own neglect;
II. The Government showed no concern for the delays; (*i.e.,* prosecutorial misconduct);
III. The delay was lengthy when computed correctly [and] favors dismissal with prejudice;
IV. The Defendant suffered because of his "two years-plus" incarceration, and
V. The Court did not carefully consider all of the factors set forth in Speedy Trial Act, 18 U.S.C. [§] 3162(a)(2)."

(Doc. No. 72 at 2).

I already considered each of these arguments in determining that the indictment should be dismissed without prejudice rather than with prejudice. (Doc. No. 71 at 6-7). Pope's arguments invoke none of the four bases outlined above. His disagreement with my decision is not an appropriate basis for reconsideration.

### III. CONCLUSION

For the reasons set forth above, I deny Pope's motion for reconsideration. (Doc. No. 72).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
